IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCOS HERNANDEZ, DAVID MEDINA and MICHAEL SILOS, | ) ) ) | CASE NO. 7:09-cv-05005 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **ORDER ON FINAL PRETRIAL CONFERENCE** |
| REEFER SYSTEMS, INC., A Nebraska Corporation, | ) ) ) ) | |
| Defendant. | ) | |

A Final Pretrial Conference was held on the 7th day of May 2010 before Magistrate Judge Cheryl R. Zwart.  Appearing for the parties were:  James D. McFarland, attorney for the Plaintiffs and Aaron A. Clark, attorney for the Defendant.

    **(A)**    **Exhibits in Evidence.**  See Lists of Exhibits.

    **(B)**    **Uncontroverted Facts.**  The parties have agreed that the following may be accepted as established facts for purposes of this case only:

    1.    Jurisdiction and Venue are proper in this case.

    2.    Plaintiffs were at all relevant times employees of the Defendant.

    3.    Defendant is an employer subject to Title VII of the Civil Rights Act of 1964.

    4.    Reefer Systems, Inc. ("Reefer Systems" or "Company") is a Nebraska corporation that operates under the trade name Midlands Carrier Transicold.  The Company's line of business includes wholesale refrigeration equipment/supplies and the maintenance and service of refrigeration equipment on railcars.

    5.    The Company has a facility in North Platte, Nebraska where it provides maintenance services on railcars owned and operated by Union Pacific.

    6.    At the North Platte facility, the Company provided railcar cleaning services to Union Pacific pursuant to a contract that expired on September 30, 2006.  This contract was extended for an additional year until September 30, 2007.  Thereafter, the contract was extended on a month-to-month basis through February 2008.

7. The Plaintiffs, Marcos Hernandez, David Medina and Michael Silos worked as railcar cleaners at the North Platte facility until their positions were terminated by the Company on October 25, 2007.

8. Michael Hernandez was hired by Operations Manager, Marty Huckins, and commenced his employment with Reefer Systems on October 28, 2004.

9. David Medina was hired by Rick Tanner, the Branch Service Manager, and commenced his employment on March 31, 2005.

10. Michael Silos was also hired by Rick Tanner and commenced his employment on December 5, 2005.

11. During 2007, the Company had a crew of 7 employees who performed the job of railcar cleaner including Marcos Hernandez (Hispanic), David Medina (Hispanic), Michael Silos, Ryan Ball (White, hired 8/22/2005), Erick Johnson (White, hired 1/15/2005), Rex Stych (White, hired 10/28/2004) and Willie Sellers (African-American, hired 6/25/2005). All of these employees were supervised by Rick Tanner.

12. In early October 2007, Marty Huckins, Operations Manager, asked Rick Tanner to identify employees that should be selected for a reduction-in-force during the time the Company's cleaning business was winding down for Union Pacific.

13. On October 10, 2007, Tanner advised Huckins by email that employees should be discharged in the following order: Marcos Hernandez; David Medina; Michael Silos; Rex Stych; and William Sellers.

14. After Tanner advised Marty Huckins of his recommendation concerning the RIF, it was determined that the Company needed to retain enough workers to handle the month-to-month cleaning work for Union Pacific through February 28, 2008. As a result, 3 employees were selected for the initial RIF: Marcos Hernandez, David Medina and Michael Silos.

15. The decision to terminate the Plaintiffs in October 2007 was based on the recommendation of Rick Tanner.

16. On October 25, 2007, Marty Huckins met with Hernandez, Medina and Silos and informed them that their positions had been eliminated due to a reduction-in-force. Hernandez, Medina and Silos were also informed by Huckins that they were losing their jobs because the business of cleaning railcars had declined.

17. At the time of their job elimination, Huckins told Hernandez, Medina and Silos that they were selected because their names were drawn from a hat.

18. The month-to-month cleaning work for Union Pacific stopped altogether after February 2008 and all remaining railcar cleaner positions were eliminated at that

time. Rex Stych (White) was terminated at the end of that month and William Sellers (African-American) was fired thereafter.

19. After February 28, 2007, the Company retained employees Ryan Ball as a Refrigeration Technician and Erick Johnson as Manager of the Parts Department.

**(C)  Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the Court's attention are:

1. Whether Defendant has engaged or intentionally engaged in discriminatory acts and in unlawful employment practices and policies against Plaintiffs in violation of Plaintiffs' civil rights because Plaintiffs are Hispanic men.

2. Whether Defendant's actions and practices denied Plaintiffs of equal employment opportunities and otherwise adversely affected Plaintiffs' status as employees because Plaintiffs are Hispanic.

3. Whether Plaintiffs have been deprived of income in the form of wages and prospective retirement benefits, and other compensatory benefits because they are Hispanic.

4. Whether Plaintiffs are suffering and will continue to suffer irreparable injury from Defendant's policy, custom, and usages, and specific acts of discrimination.

5. Whether Defendant's defenses were but a pretext for discrimination.

6. Whether Plaintiffs are entitled to damages.

7. Whether Plaintiffs are entitled to reinstatement or reconsideration by Defendant for employment opportunity, or in the alternative, for an award of front pay.

8. Whether Plaintiffs are entitled to a permanent injunction enjoining Defendant from engaging in any employment policy or practice which discriminated against them because they are Hispanic.

9. Whether Plaintiffs are entitled to attorney fees and costs.

10. Whether the Plaintiff Silos can meet his burden to prove that he is Hispanic.

11. Whether Plaintiffs can meet their burden to prove that race or national origin was considered in connection with their job elimination in October 2007.

12. Whether Plaintiffs can meet their burden to prove that "similarly-situated" employees outside of their protected class were treated differently under similar circumstances.

13. Whether the Defendant's reasons for discharging the Plaintiffs from their employment were based on legitimate factors unrelated to their race or national origin.

14. Whether Plaintiffs can meet their burden to prove that the Defendant's reason for termination was a pretext for illegal discrimination.

15. Whether Plaintiffs' claims for reinstatement, back pay and front pay are barred and/or limited by the termination of the contract to clean railcars for Union Pacific prompting the layoff of employees.

16. Whether Plaintiffs are entitled to back pay and if so, in what amount.

17. Whether Plaintiffs have mitigated their losses.

**(D)  Witnesses.**

All witnesses, including rebuttal witnesses, whom the Plaintiff expects to call to testify, except those who may be called for purposes of impeachment are:

1. Marcos Hernandez
2. David Medina
3. Michael Silos
4. Rex Stych
5. William Sellers
6. Ryan Ball
7. Erick Johnson
8. Rick Tanner
9. Marty Huckins
10. Eric Miskimins
11. Deb Neukirch
12. Cheryl Garrett

All witnesses, including rebuttal witnesses, whom the Defendant expects to call to testify, except for those who may be called for impeachment purposes are:

1. Marcos Hernandez
2. David Medina
3. Michael Silos
4. Eric Miskimins
5. Rick Tanner
6. Marty Huckins
7. Ryan Ball
8. Erick Johnson
9. Rex Stych
10. William Sellers

The parties reserve the right to supplement this list of witnesses in the event the other party reveals additional witnesses or evidence not previously disclosed.

**(E)** **Expert Witnesses' Qualifications.**

    (i) Experts to be called by Plaintiffs and their qualifications are:

    (ii) Experts to be called by Defendant and their qualifications are:

**(F)** **Voir Dire.** Not Applicable.

**(G)** **Number of Jurors.** Not Applicable.

**(H)** **Verdict.** Not Applicable.

**(I)** **Briefs, Instructions, Proposed Findings.** Trial briefs shall be filed within five (5) working days before the first day of trial.

**(J)** **Length of Trial.** Counsel estimate the length of trial will consume approximately 2-3 days.

**(K)** **Trial Date.** Trial is set to begin on July 6, 2010 in **Lincoln, Nebraska**.

Dated this 13th day of May 2010.

        MARCOS HERNANDEZ, DAVID
        MEDINA & MICHAEL SILOS, Plaintiffs

By:    /s/ James D. McFarland
        James D. McFarland
        1045 Lincoln Mall, Suite 200
        P.O. Box 94772
        Lincoln, NE  68509-4772
        (402) 436-3030

        ATTORNEYS FOR PLAINTIFFS

        REEFER SYSTEMS, INC., Defendant

By:    /s/ Aaron A. Clark
        Aaron A. Clark, #20045
        McGrath North Mullin & Kratz, PC LLO
        Suite 3700 First National Tower
        1601 Dodge Street
        Omaha, NE  68102
        (402) 341-3070

        ATTORNEYS FOR DEFENDANT

Dated this 13th Day of May, 2010.

        BY THE COURT:

        _____
        United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| MARCOS HERNANDEZ, DAVID MEDINA and MICHAEL SILOS, | ) ) ) | CASE NO. 7:09-cv-05005 |
|---|---|---|
| Plaintiffs, | ) ) | |
| vs. | ) ) | **EXHIBIT LIST** |
| REEFER SYSTEMS, INC., A Nebraska Corporation, | ) ) ) | |
| Defendant. | ) ) | |

| PL | DF | 3D | DESCRIPTION | OFF | OBJ | RCD | NOT RCD | DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | | | 2007 W-2 and Payroll information from Reefer Systems for Marcos Hernandez | | | | | |
| 2 | | | 2007 W-2 and Payroll information from Reefer Systems for David Medina | | | | | |
| 3 | | | 2007 W-2 and Payroll information from Reefer Systems for Michael Silos | | | | | |
| 4 | | | 2007, 2008 and 2009 W-2's for Marcos Hernandez | | M,R | | | |
| 5 | | | 2007, 2008 and 2009 W-2's and Earnings Statements for David Medina | | M,R | | | |
| 6 | | | 2007, 2008 and 2009 W-2's for Michael Silos | | M,R | | | |
| 7 | | | Time Card work records of Reefer Systems from Reefer Systems from April 23, 2007 to October 25, 2007, for the following: | | M,R,O | | | |
| | | | a.  Marcos Hernandez | | M,R,O | | | |

| PL | DF | 3D | DESCRIPTION | OFF | OBJ | RCD | NOT RCD | DATE |
|---|---|---|---|---|---|---|---|---|
| | | | b. David Medina | | M,R,O | | | |
| | | | c. Michael Silos | | M,R,O | | | |
| | | | d. Erick Johnson | | M,R,O | | | |
| | | | e. Ryan Ball | | M,R,O | | | |
| 8 | | | Computations from Time Card work records by NEOC Investigator Deb Neukirch | | M,R,H,F,O | | | |
| 9 | | | Affidavit by Deb Neukirch | | M,R,H,F,O | | | |
| 10 | | | Employee Warning Notice – Rex Stych | | | | | |
| 11 | | | Employee Warning Notice – William Sellers | | | | | |
| 12 | | | Employee Warning Notice – Ryan Ball | | | | | |
| 13 | | | Defendant's Answers to Interrogatories | | | | | |
| 14 | | | Defendant's Responses to Request for Production | | | | | |
| 15 | | | All Defendant's Exhibits | | | | | |
| | | 101 | Employee Policy Handbook | | | | | |
| | | 102 | EEO and Harassment Policies | | | | | |
| | | 103 | January 2007 Contract with Union Pacific Railroad and Change Order | | | | | |
| | | 104 | October 10, 2007 Email from Rick Tanner to Marty Huckins | | MRHFO | | | |
| | | 105 | October 23, 2007 Email from Marty Huckins to Eric Miskimins | | MRHFO | | | |
| | | 106 | April 8, 2005 Written Warning (Hernandez) | | MRHFO | | | |
| | | 107 | June 5, 2007 Final Written Warning (Hernandez) | | MRHFO | | | |

| PL | DF | 3D | DESCRIPTION | OFF | OBJ | RCD | NOT RCD | DATE |
|---|---|---|---|---|---|---|---|---|
| | 108 | | September 18, 2007 Written Warning (Hernandez | | MRHFO | | | |
| | 109 | | June 20, 2005 Oral Warning (Medina) | | MRHFO | | | |
| | 110 | | November 28, 2005 Suspension (Medina) | | MRHFO | | | |
| | 111 | | January 19, 2007 Final Written Warning (Medina) | | MRHFO | | | |
| | 112 | | May 17, 2006 Written Warning (Silos) | | MRHFO | | | |
| | 113 | | May 14, 2006 Written Warning (Silos) | | MRHFO | | | |
| | 114 | | February 15, 2007 Oral Warning (Silos) | | MRHFO | | | |
| | 115 | | June 5, 2007 Final Written Warning (Silos) | | MRHFO | | | |
| | 116 | | February 11, 2008 Written Warning (Rex Stych) | | MRHFO | | | |
| | 117 | | May 17, 2006 Written Warning (William Sellers) | | MRHFO | | | |
| | 118 | | March 21, 2007 Written Warning (Ryan Ball) | | MRHFO | | | |
| | 119 | | Application Records (Hernandez) | | MRHFO | | | |
| | 120 | | Application Records (Medina) | | MRHFO | | | |
| | 121 | | Application Records (Silos) | | MRHFO | | | |
| | 122 | | Tax Records (Hernandez) | | MRHFO | | | |
| | 123 | | Tax Records (Medina) | | MRHFO | | | |
| | 124 | | Tax Records (Silos) | | MRHFO | | | |

| PL | DF | 3D | DESCRIPTION | OFF | OBJ | RCD | NOT RCD | DATE |
|---|---|---|---|---|---|---|---|---|
|  | 125 |  | December 7, 2007 Charge of Discrimination (Hernandez) |  | MRHFO |  |  |  |
|  | 126 |  | December 7, 2007 Charge of Discrimination (Medina) |  | MRHFO |  |  |  |
|  | 127 |  | December 7, 2007 Charge of Discrimination (Silos) |  | MRHFO |  |  |  |
|  | 128 |  | NEOC Intake Form (Silos) |  | MRHFO |  |  |  |
|  | 129 |  | Answers to Defendant's Interrogatories to Plaintiffs |  | MRHFO |  |  |  |
|  | 130 |  | Responses to Defendant's Request for Production of Documents to Plaintiffs |  | MRHFO |  |  |  |

*** KEY TO ABBREVIATIONS**

**Objections**

**Materialty ------------ M**
**Relevancy -------------- R**
**Hearsay ---------------- H**
**Foundation ------------- F**
**Other ------------------ O**

Dated this 13th day of May 2010.

|  |  |
|---|---|
| MARCOS HERNANDEZ, et al., Plaintiffs, | REEFER SYSTEMS, INC., Defendant |
| By: s/James D. McFarland<br>James D. McFarland, #16307<br>1045 Lincoln Mall, Suite 200<br>P.O. Box 94772<br>Lincoln, NE 68509-4772<br>(402) 436-3030<br>Cell: (402) 435-8080 | By: s/ Aaron A. Clark<br>Aaron A. Clark, #20045<br>McGrath North Mullin & Kratz, PC LLO<br>Suite 3700 First National Tower<br>1601 Dodge Street<br>Omaha, NE 68102<br>(402) 341-3070 |
| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT |